

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**ENTERED**
**03/10/2010**

| | | |
|---|---|---|
| IN RE: | § | |
| BRAULIO VASQUEZ, ESMERALDA | § | CASE NO: 09-20565 |
| VASQUEZ | § | |
| Debtor(s) | § | |
| | § | CHAPTER  13 |

## MEMORANDUM OPINION AND ORDER ON
## OBJECTION TO CLAIM

On this day came on for consideration the Debtors' Objection to Claim of RioProp Ventures, LLC ("RioProp"). The Court, having heard this evidence and arguments of counsel, and having considered the briefs on file herein, finds that the objection should be overruled.

### BACKGROUND

Braulio and Esmeralda Vasquez (the "Debtors") entered into an agreement with RioProp consenting to a transfer of the existing tax lien on their property to RioProp. Debtors further agreed to pay their tax obligations and any statutorily authorized fees and interest to RioProp over a period of time.  As a result, RioProp was assigned a tax lien on Debtors' property by the governmental entities. The agreement between RioProp and the Debtors provided for interest on the debt at 16%.

Subsequently, Debtors filed their Petition for Relief in the Bankruptcy Court on September 1, 2009.  In their plan, Debtors provided for $2,442.29 for RioProp's claim at 5.25% (the "rule rate").  Debtors' Chapter 13 Plan was confirmed on November 25, 2009. RioProp did not object to confirmation.  The deadline for filing a proof of claim in this case was January 4, 2010.

RioProp filed its Original Proof of Claim on December 1, 2009, claiming interest at the rate of 16%. The Proof of Claim was timely filed and rendered Debtors' plan deficient. The proof of claim was filed within 10 days of the confirmation order. Debtors filed their Objection to RioProp's Claim on December 16, 2009, alleging defects and unsubstantiated charges. RioProp filed its Response to Debtors' Objection and a hearing was held on January 25, 2010.

## DISCUSSION

Debtors consented to the assignment of the tax lien to RioProp. Once RioProp acquired the tax lien, it became a third-party transferee of the local government. 11 U.S.C. § 511(a); *Tax Ease Funding, LP v. Kizzee-Jordan,* ___F.Supp.2d____, 2009 WL 3186727 (S.D. Tex. 2009). In Texas, when a party receives a transfer of a tax lien from a governmental entity, it is subrogated to the rights of the taxing unit. TEX. TAX CODE § 32.065(c). Here, RioProp received a transfer from the governmental entity and thus took over the government's secured position, *Id.* §§ 32.04, 32.05.

Under Texas law regarding transferred tax liens, the identity of the current holder does not affect the nature of the underlying debt. *Kizzee-Jordan,* 2009 WL 3186727, at *1 (citing *In re Davis*, 352 B.R. 651, 654 (Bankr. N.D. Tex. 2006)). Therefore, under section 511, transferees qualify for "tax claim" treatment if their assignors would also qualify. RioProp was assigned the lien from a governmental entity and therefore it is subrogated to the governmental entity's position and holds a "tax claim" under section 511. *Id.*

Section 511 of the Bankruptcy Code instructs the court to apply state law in determining the rate of interest to be allowed. 11 U.S.C. §511(a)("the rate of interest shall be the rate determined under applicable nonbankruptcy law"). Under Texas Law,

RioProp's predecessor in interest was entitled to interest at the rate of 12% (plus penalties). TEX. TAX CODE §33.01. Texas law allows a transferee of a tax lien to charge up to 18% interest. TEX. TAX CODE §32.06(e). The transferee may advance funds for the taxes, penalties, interest, and collection costs paid as shown on the tax receipt, expenses paid to record the lien, plus reasonable closing costs. *Id.* Although a transferee arguably may receive more that the taxing authority, the Texas Legislature chose to promote the practice of lending money to property owners to pay property taxes. The Bankruptcy Code defers to the State on this issue.

Debtors rely on two cases from the Southern District of Texas Bankruptcy Courts. However, the District Court in *Kizzee-Jordan, supra.*, rejected the cases relied upon by Debtors. In their brief Debtors do not even discuss the *Kizzee-Jordan* case. The Court finds that *Kizzee-Jordan* applies and Debtors' Objection to Claim should be overruled.

## CONCLUSION

For the reasons stated above, RioProp's claim is entitled to the protections of section 511 of the Bankruptcy Code and TEX. TAX CODE §32.06(e).

It is therefore ORDERED that the Debtors' Objection to Claim is hereby OVERRULED and RioProps' claim is hereby allowed the full amount of $3,235.30, with interest accruing at the contract rate of 16%.

Dated: 03/10/2010

_____
RICHARD S. SCHMIDT
United States Bankruptcy Judge